Withers, J.
delivered the opinion of the Court.
The question arises upon a claim by the parties to this action upon the same fund, each professing to‘derive his title to it from one Askew. The money came to the defendant’s hands on the 20th November, 1845, from the sheriff of New-berry ; the defendant and one Pearson having beeii Askew’s attorneys in an action against. S. B. Hancock, upon a note : but the sheriff aforesaid collected the money upon a judgment and fi. fa. founded on a prison bounds bond, executed by S. B. Hancock, and L. J. Hancock, his surety, arising out of the action upon the note. The action upon the prison bounds bond, it would seem, was brought by Pearson alone, as attorney for the plaintiff in that case. The said bond from which the money actually arose, was assigned in writing, under seal, to the plaintiff here, on the 15th January, 1844. The note upon which judgment had been recovered against S. B. Hancock had been placed by Askew in the hands of Herndon, for collection, and was by him remitted to Pearson, his partner, on the 5th March, 1843, who issued upon it in the partnership name of Herndon & Pearson.
Herndon’s claim to retain the money in question is based upon a statement of Pearson’s, that six or eight months before the transfer of the bond aforesaid .to the plaintiff, (that is before the 15th January, 1844,) Askew told him he had transferred his claim against Hancock, or against the Han-cocks, to Herndon; but he did not say how he had transferred it. These are the material facts in the case.
If the transfer to Herndon, whatever it really was, took place when the note against S. B. Hancock was delivered to him for collection, it must be concluded it would have been in writing, if the form of the note required that, and if so, such fact would have been capable of clear proof; or if the note was transferable by delivery, in law, then the same would have been put in suit in the name of Herndon. In *23 any event, if the transaction relied upon by Herndon and alluded to by Pearson, took place at the time the note was received for collection, we must conclude the legal proceedings would have had reference to the interest of Herndon in some form. When the transfer spoken of by Askew to Herndon was made, how it was made, or what was transferred, is .wholly uncertain ; but from what has already been said, the transaction must have taken place after the note was delivered and received to be collected professionally ; and so, if the note was intended to be transferred, it was not delivered for that purpose; and delivery we hold essential, and a thing to be satisfactorily established by the defendant.
If the prison bounds bond was the security intended to be transferred, the view already taken becomes the stronger; for, allowing that it existed when the conversation occurred between Pearson and Askew, it was in the sheriff’s office, and certainly no delivery of that paper to Herndon was made. It would seem, from the testimony, that the bond could not have been constructively in Herndon’s possession, for Pearson said he brought the action on that.
It is not intended to impugn the proposition that if the note had been sufficiently transferred, that would have carried the privities that spring from it.
In looking to the legal rights of Herndon, as opposed, not to Askew, but to the present plaintiff, it might well be considered whether, if the sheriff had refused to pay to him the money claimed upon the basis of such a transfer as he has set up in this case, he could have recovered it; and whether he has furnished any evidence, in fact, of a transfer, considering the parties to this contest; for it is to be remarked that his evidence amounts to no more than a loose declaration by Askew, reported by Pearson, that he had transferred something — what exactly, or in what manner, is not defined.
The result attained on the circuit being satisfactory to us, the motion is, therefore, dismissed.
Richardson, J. O’Neall, L Evans, J. Wardlaw, J. and Frost, J. concurred.

Motion dismissed.